UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BOUTUIVI AHLIN SANVEE, | Civil No. 12-1766 (RHK/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BEHAVIORAL MEDICAL INTERVENTION, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

I.   **BACKGROUND**

Plaintiff commenced this action by filing a complaint seeking relief against a Defendant identified as "Behavioral Medical Intervention," which is located in Hennepin County, Minnesota. (Complaint, [Docket No. 1], p. 2, ¶ 2.a.) The complaint is nearly impossible to decipher, because Plaintiff has not provided a clear and comprehensive explanation of the factual and legal bases for his claims. The substantive allegations of the complaint, repeated verbatim and in their entirety, are as follows:

> "7. Bribed by the Hennepin County, the psychiatrist forged mental health and attributed it to the Plaintiff.

> 8. The psychiatrist disclosed the forged medical records to the Hennepin County and people outside the Hennepin County causing the Plaintiff defamation of caracter [sic].
>
> 9. The psychiatrist did not provide the Plaintiff with the results of the psychiatric examination.
>
> 10. The Plaintiff has lost his employment and become homeless; moments during which he suffers severe hypertension and emotional distress."

(Id., "Statement of Claim," p. 4, ¶s 7-10.)

Based on these few vague allegations, Plaintiff is attempting to sue the named Defendant under "Title VII," and under the Fourth, Fifth and Fourteenth Amendments to the Federal Constitution. (Id., p. 3, ¶ 4.) He is also attempting to sue Defendant for "medical malpractice." (Id.) Plaintiff is asking the Court to "[s]trictly prosecute the psychiatrist according to the Institution Law and Treaties in vigour [sic] to serve as example to the violators of the Supreme Law of this Nation." (Id., p. 4, "Request for Relief.") He is also seeking a judgment against Defendant in the amount of $10,000,000.00 "for defamation of caracter [sic], loss and destruction of reputation, emotional distress and lifetime incurable sickness (hypertension)." (Id.)

Plaintiff asserts that federal subject matter jurisdiction exists under the "federal question" statute – 28 U.S.C. § 1331. (Id., p. 3, ¶ 3.) However, the allegations in Plaintiff's complaint do not support any claim based on federal law. Therefore, this action must be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here

jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action <u>sua sponte</u>." <u>Williams v. Rogers</u>, 449 F.2d 513, 518 (8th Cir. 1971), <u>cert</u>. <u>denied</u>, 405 U.S. 926 (1972), (citing <u>Louisville and Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." (Emphasis added.)

Plaintiff asserts that federal subject matter jurisdiction exists under 28 U.S.C. § 1331, because his claims against Defendant are based on federal law – specifically, "Title VII," and the Fourth, Fifth and Fourteenth Amendments to the Constitution. However, the allegations in Plaintiff's complaint do not support that assertion.

Plaintiff's citation to "Title VII" presumably refers to Title VII of the Civil Rights Act of 1964 (as amended), which bars various forms of discrimination in employment relationships. <u>See</u> <u>Ricci v. DeStefano</u>, 557 U.S. 557, 577 (2009) ("Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin"). There are no allegations in Plaintiff's complaint showing that he ever had any type of employment relationship with Defendant.[1] Therefore, Plaintiff cannot rely on Title VII to provide subject matter jurisdiction in this case.

Plaintiff's citations to the federal Constitution are likewise unavailing. Persons acting under color of state law can be sued in federal court under 42 U.S.C. § 1983 for violating a citizen's federal constitutional rights. However, Plaintiff has not pleaded an actionable

---

[1] Furthermore, Plaintiff cannot bring a Title VII claim in federal court without first exhausting his administrative remedies, (<u>Williams v. Little Rock Municipal Water Works</u>, 21 F.3d 218, 222 (8th Cir. 1994); <u>Shannon v. Ford Motor Co.</u>, 72 F.3d 678, 684 (8th Cir. 1996)), and it does not appear that Plaintiff has satisfied this requirement.

§ 1983 claim against the named Defendant, because there are no allegations showing that Defendant is a state actor.  <u>Youngblood v. Hy-Vee Food Stores, Inc.</u>, 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), <u>cert</u>. <u>denied</u>, 535 U.S. 1017 (2002). Furthermore, even if Defendant were a state actor, Plaintiff's complaint still would fail to state an actionable § 1983 claim, because the complaint does not describe any specific acts or omissions by the named Defendant that could be viewed as a violation of Plaintiff's federal constitutional rights.  Therefore, Plaintiff's citations to the Fourth, Fifth and Fourteenth Amendments are not sufficient to establish federal subject matter jurisdiction in this case.

Finally, Plaintiff has indicated that he attempting to sue Defendant for "medical malpractice."  However, medical malpractice is a <u>state</u> common law tort cause of action, which cannot establish federal subject matter jurisdiction under § 1331. Plaintiff's complaint also refers to defamation and "emotional distress," but those are also state tort law claims that do not give rise to federal subject matter jurisdiction.

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case under 28 U.S.C. § 1331.  It is also evident that subject matter jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332, because Plaintiff's submissions plainly show that both Plaintiff and Defendant are Minnesota residents.  Thus, the Court concludes that there are no grounds for federal subject matter jurisdiction in this case.  The Court will therefore recommend that Plaintiff's IFP application be denied, (<u>see</u> 28 U.S.C. § 1915(e)(2)(b)), and that this action

be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2]

## III.     RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.     Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.     This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).


Dated:     August 2, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 16, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[2] The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that he cannot pursue his claims in federal court (as opposed to state court). It is doubtful, however, that Plaintiff's current complaint could survive preliminary review in any court, because he has done such a poor job of describing his claims. Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.